Common Pleas Court of Lucas County.

STATE OF OHIO V. LAWRENCE G. SCHWANZEL.
STATE OF OHIO V. ARLEY G. HARTZOG.

Decided April 15, 1932.

*Carl J. Christensen,* Pros. Atty., and *Arnold F. Bunge,* Ass't. Pros. Atty., for State of Ohio.

*Eldon H. Young* and *Charles R. Barefoot,* for defendants.

STUART, J.

The same questions being raised in each of these cases, they are submitted and considered together.

An indictment was returned by the grand jury of Lucas county against each defendant under favor of Section 12694 of the General Code of Ohio for the unlawful practice of medicine. Each indictment was properly endorsed "found upon testimony sworn and sent before the grand jury at the request of the prosecuting attorney" in com-

pliance with the provisions of Section 13436-18 General Code.

The indictment against Schwanzel charges that he "used the letters 'Dr.' in connection with his name, representing himself as being engaged in the practice of medicine in one of its branches, to-wit: chiropractic, advertising and announcing himself to be a chiropractic physician * * * before obtaining from the State Medical Board of Ohio, in the manner required by law, a certificate authorizing him to practice medicine within the State of Ohio" and so forth.

The indictment against Hartzog charges that he "did for a fee, to-wit: the sum of $87.51, administer to one Noah W. Iler, certain treatments in the form of chiropractic adjustments and radionic treatments, all of which things the said Arley G. Hartzog did then and there before obtaining from the State Medical Board of Ohio, in the manner required by law, a certificate authorizing him to practice medicine within the State of. Ohio" and so forth.

Each defendant demurred to the indictment for the reasons, to-wit:

"(1) That the facts stated in the indictment do not constitute an offense punishable by the laws of the state;

"(2) That the offense charged, if any, is not within the jurisdiction of this court."

Section 1286 General Code provides, as follows:

"What constitutes practice of medicine, surgery, midwifery.—A person shall be regarded as practicing medicine, surgery or midwifery, within the meaning of this chapter who uses the words or letters, 'Dr.,' 'Doctor' 'Professor,' 'M. D.,' 'M. B.,' or any other title in connection with his name which in any way represents him as engaged in the practice of medicine, surgery or midwifery, in any of its branches, or who examines or diagnoses for a fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure, or relief of a wound, fracture or bodily injury, infirmity or disease. The use of any such words, letters or titles in connection or under

such circumstances as to induce the belief that the person who uses them is engaged in the practice of medicine, surgery or midwifery, shall be *prima facie* evidence of the intent of such person to represent himself as engaged in the practice of medicine, surgery or midwifery."

The Schwanzel indictment incorporates the language of the statute, namely, "that he used the letters 'Dr.' in connection with his name" and is therefore sufficient. It follows that the first ground of his demurrer is not well taken and it is as to that ground overruled.

The Hartzog indictment omits the language of the statute, "for the cure or relief of a wound, fracture, or bodily injury, infirmity, or disease" and is wholly wanting in any allegation as to the purpose for which it is alleged he did "administer or dispense a drug or medicine, appliance, application, operation or treatment of whatever nature." This specific purpose is essential to a description of the offense, is necessary to differentiate it from other offenses, such for instance as the administration of a drug for the purpose of producing an abortion, and its omission is, in my judgment, fatal. The demurrer is therefore, as to its first ground, sustained.

As to the second ground set forth in these demurrers, namely, "that the offense charged, if any, is not within the jurisdiction of this court, the Constitution of the State provides:

"Section 4, Article IV: The jurisdiction of the Courts of Common Pleas and of the Judges thereof shall be fixed by law."

Section 13422-5 General Code provides:

"*Jurisdiction of Court of Common Pleas.* The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas."

Section 13422-3 General Code provides:

"Magistrates shall have jurisdiction within their respective counties, in all cases of violation of any law relating to * * *.

Section 13422-16 General Code provides:

The violation of any law in relation to the practice of medicine or surgery, or any of its branches."

The omission from this statute of the word "exclusive" is controlling, inasmuch as it is no where else provided in the statutes of this State that the jurisdiction of magistrates in this class of cases is exclusive.

In the Criminal Code enacted in 1929 the Legislature recognized the power of a grand jury to return indictments for misdemeanors, which, of course, when so returned, could be tried only in the Court of Common Pleas. Particularly is this power acknowledged by Section 13436-18 General Code requiring the endorsement of an indictment for a misdemeanor.

Inasmuch as the Legislature has not conferred exclusive jurisdiction upon magistrates in this class of cases, the second ground of these demurrers is not well taken.